UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RESIGDENTIAL CONSTRUCTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-01318-BES-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Brief in Support of its Motion to Compel Production of Documents, to Stay Certain Discovery, and to Prohibit Interference with Non-Party Witnesses and Request for Sanctions (#24), filed April 20, 2006; Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel (#28), filed May 8, 2006; and Defendant's Reply Brief in Supports of its Motion to Compel (#34), filed May 26, 2006. The Court conducted a hearing in this matter on June 1, 2006.

**DISCUSSION**

This case involves issues of insurance coverage for property damage to Plaintiff's building construction project that occurred as an alleged result of rain or storm damage.

**1.   Production of Documents and Table of Contents or Index of Documents.**

Defendant's Motion to Compel sought an order compelling Plaintiff to produce documents listed by it in its disclosures under Fed.R.Civ.Pro. 26(a)(1)(B) and in response to Defendant's Request for Production of Documents. Plaintiff responded that it took several months to gather the

voluminous documents and review them for privileged materials. Plaintiff completed that gathering and its privilege documents review in April 2006 and the documents, which were contained in 41 large-sized boxes, were made available for inspection by Defendant in late April 2006.  By agreement of the parties, in May 2006, the documents were digitally imaged and Plaintiff has provided Defendant with CD discs containing the imaged documents which Plaintiff represents have been imaged in the same order in which they are contained in the 41 boxes of paper documents.  The imaged documents have been numbered, apparently in continuous order from the first document imaged to the last document imaged.

      According to the Plaintiff, the documents are organized in the manner in which they were maintained by Plaintiff and its contractors in the ordinary course of business. Plaintiff states that the paper documents are maintained in various files with appropriate labels pertaining to the matters contained in the files.  Although Plaintiff gathered these documents together in 41 boxes, which have now been imaged onto a computer, Plaintiff has not provided any table of contents or index of the documents on the CDs.  Defendant contends that without a table of contents or index, it is unreasonably difficult to make use of the CDs.  In addition, Defendant contends that a preliminary review of the documents indicates that Plaintiff has produced substantial quantities of documents, such as employee personnel records, which are irrelevant and which add to the difficulty and burden of reviewing the documents and attempting to locate relevant materials.  In response, Plaintiff argues that the imaged documents are formatted so that Defendant can perform key word searches for information in the documents, which it contends actually makes the documents more accessible than they would be if produced in paper form with some type of limited table of contents or index.

      Fed.R.Civ.Pro. 34(b) provides that a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond to the categories in the request.  Plaintiff contends that it has gathered together the documents in the manner and order in which they are maintained in the usual course of business and that it is not required by Rule 34(b) to organize and label them to correspond to the categories in Defendant's request for production.

. . .

2

The Court disagrees that simply producing for inspection 41 boxes of documents, or producing documents in a computer imaged format, complies with Plaintiff's obligation under Rule 34. Although Plaintiff alleges that the documents are organized in the manner in which they kept in the usual course of business, Plaintiff has gathered these documents together from different entities and locations and has assembled the documents together in the boxes, which have now been imaged onto a computer data base. Clearly some form of table of contents or index of the materials produced should be provided. In circumstances involving a similar production of voluminous documents, the court in *Wagner v. Dryvit Systems, Inc.,* 208 F.R.D. 606 610-11 (D.Neb. 2001), stated:

> Dryvit asserts that directing plaintiffs to find the discovery among volumes of irrelevant information complies with Federal Rules of Civil Procedure. To the contrary, producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34. *Stiller v. Arnold,* 167 F.R.D. 68, 70-71 (N.D.Ind.1996); *T.N. Taube Corp. v. Marine Midland Mort. Corp.,* 136 F.R.D. 449, 456 (W.D.N.C.1991) The fact that a corporation has an unwieldy record keeping system which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information. *Caruso v. Coleman Corp.,* 157 F.R.D. 344, 349 (E.D.Pa.1994); *Baine v. General Motors Corp.,* 141 F.R.D. 328, 331 (M.D.Ala.1991); *Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325, 332-33 (D.Kan.1991); *Pollitt v. Mobay Chemical Corp.,* 95 F.R.D. 101, 105 (S.D.Ohio 1982); *Baxter Travenol Labs. Inc. v. LeMay,* 93 F.R.D. 379, 383 (S.D.Ohio 1981); *Dunn v. Midwestern Indemnity,* 88 F.R.D. 191, 197-98 (S.D.Ohio 1980); *Kozlowski v. Sears, Roebuck,* 73 F.R.D. 73 (D.Mass.1976).

In *In re Aldelphia Communications Corp.,* 338 B.R. 546 (S.D.N.Y. 2005), the court further states:

> The purpose behind the 1980 Amendment that added the "usual course of business" language to Rule 34(b) was to allow the discovering party access to business records in the manner documents were normally maintained by the producing party to prevent deliberate "shifting of the materials from the sequence which they were ordinarily kept to somewhere else..." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2213. The solution proposed by the 1980 Amendment was obviously intended to include all business forms, and as a logical extension documents stored as a matter of course or by official, i.e. corporate or governmental, directive would have to be included within the "usual course of business" rubric. The Court qualifies its ruling by explicitly stating that in order to satisfy the requirements of Rule 34(b) any archived documents produced must be thoroughly indexed, the boxes accurately labeled and the depository kept in good order. The Court does not endorse a method of document production

that merely gives the requesting party access to a "document dump," *see Hagemeyer North America v. Gateway Data Sciences Corp.,* 222 F.R.D. 594, 598 (E.D.Wis.2004), with an instruction to the party to "go fish," *see Doe v. Nat'l Hemophilia Foundation,* 194 F.R.D. 516, 518 (D.Md.2000).

The Court sees no legitimate reason why, in the course of assembling the documents together in the 41 boxes, Plaintiff did not or could not prepare a table of contents or index of what categories of documents were contained in different boxes, or groups of boxes or arranging to have such a table of contents or index prepared during the course of imaging the documents. Such a table of contents or index is reasonably necessary to determine, for example, from which entity or department the documents have been produced or the type of file in which they are contained. The Court, therefore, directs the Plaintiff to prepare and provide to Defendant a table of contents or index for the documents contained on CDs. In so doing, Plaintiff is not required to index each document in each file. Plaintiff, however, is required to identify the files it has produced and in which boxes or group of document numbers the files are located. Such table of contents or index shall be provided within thirty (30) days of the entry of this order.

**2. Exchange of Privilege Logs by Parties.**

Pursuant to the discussions with counsel for the parties at the June 1, 2006 hearing, it is further ordered that the parties shall exchange their privilege logs of allegedly privileged documents on or before June 9, 2006 at 5:00 p.m.

**3. Interference with Non-Party Witnesses or Individuals With Relevant Information.**

In its Motion, Defendant also sought an order that Plaintiff not advise or instruct non-party witnesses or persons with potentially relevant information not to informally speak with Defendant's representatives. Plaintiff denies that it has instructed any such persons not to speak with Defendant's representatives. The Court cannot conclude from the record before it that such instructions have been given to witnesses. Plaintiff is hereby directed, however, not to give such advice or instructions to non-party witnesses or individuals. The Court further states that the refusal of persons with potentially relevant information to interview with Defendant informally may provide valid grounds for deposing such persons, and if reasonable and necessary, the Court will increase the authorized number of

depositions to allow Defendant to obtain relevant information from non-party witnesses or persons who refuse to informally provide such information to Defendant.

**4.     Stay of Discovery and/or Extension of Discovery Cut-Off Date and Other Pre-Trial Deadlines.**

The Court finds no basis to stay discovery at this time. Defendants are reasonably entitled, however, to additional time to depose Plaintiff's witnesses or employees in view of the delay in the production of Plaintiff's documents and the requirement that Plaintiff provide a table of contents or index of its document production within 30 days. In lieu of staying discovery, the Court hereby extends the discovery cut-off date and other pre-trial deadlines by ninety (90) days as follows:

1. Last day for expert disclosures: **October 6, 2006** (90 days from July 7, 2006)
2. Lay discovery cut-off date: **December 5, 2006** (90 days from September 5, 2006)
3. Last day to file dispositive motions: **January 4, 2007** (90 days from October 5, 2006)
4. Last day to file pretrial order: **February 5, 2006** (90 days from November 6, 2006).

In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

**IT IS FURTHER ORDERED** the disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

**5.     Award of Fees and Costs or Other Sanctions.**

The Court will not award either party attorney's fees or costs or impose other sanctions relating to the matters raised in the Motion. It appears to the Court that some delay in production of Plaintiff's documents was unavoidable in view of the voluminous nature of the documents in issue. There was a lack of adequate communication on both sides that could have perhaps expedited the production of documents or resolved the dispute regarding the manner in which the production took place. Further delay or failure to provide a table of contents or index of the documents in accordance with this Order, however, may result in an award of fees, costs or other sanctions. Defendant's motion to disqualify Plaintiff's counsel is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Production of Documents, to Stay Certain Discovery, and to Prohibit Interference with Non-Party Witnesses and Request for

1 | Sanctions (#24) is GRANTED, in part, and DENIED, in part, in accordance with the foregoing
2 | provisions of this Order.
3 |     DATED this 5th day of June, 2006.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE